1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**

7

**DISTRICT OF NEVADA**

8

DONALD RAY MCCUNE,　　　　　　　　)
　　　　　　　　　　　　　　　　　)
9
　　　　　　Plaintiff,　　　　　　)
　　　　　　　　　　　　　　　　　)
10
　　v.　　　　　　　　　　　　　　)　　　3:14-cv-227-RCJ-WGC
　　　　　　　　　　　　　　　　　)
11
NEVADA BOARD OF PAROLE et al.,　　)　　　**ORDER**
　　　　　　　　　　　　　　　　　)
12
　　　　　　Defendants.　　　　　　)
　　　　　　　　　　　　　　　　　)
13
_____　)

14
**I.　　DISCUSSION**

15
　　　　On June 16, 2014, this Court issued a screening order dismissing Plaintiff's complaint

16
in its entirety, with prejudice, for failure to state a claim.  (ECF No. 3 at 4).  In the screening

17
order, this Court summarized the complaint as follows:

18
　　　　On February 6, 2014, defendants denied Plaintiff's parole request. Plaintiff was
　　　　sentenced to life with the possibility of parole but defendants' denial of parole
19
　　　　ha[d] effectively sentenced Plaintiff to death.  The parole board denied Plaintiff's
　　　　parole request on a finding that "there was a prior conviction for a sexual offense
20
　　　　as well as repeated criminal conduct as well as a reference to . . . [a] psych
　　　　panel review that was determinative of a high risk to [re-offend]."  Plaintiff
21
　　　　challenge[d] the rationale of the parole board's decision on four grounds.
　　　　Plaintiff allege[d] due process violations and deliberate conscious disregard
22
　　　　and/or negligence against defendants.

23
(*Id.* at 3).  Plaintiff sought monetary damages, relocation to a facility equipped to address his

24
mental health, and parole at a mental health facility.  (*Id.*).  In the screening order, this Court

25
found that Plaintiff failed to state a claim because the parole board members were entitled to

26
absolute immunity for their parole board decisions pursuant to *Brown v. California Dep't of*

27
*Corr.*, 554 F.3d 747, 751 (9th Cir. 2009).  (*Id.* at 3-4).

28
　　　　Plaintiff now files a motion for reconsideration based on *Thornton v. Brown*, __ F.3d __,

No. 11-56146, 2013 WL 7216368 (9th Cir. July 31, 2013) and the fact that he had also

1    requested injunctive relief.  (ECF No. 6 at 1-2).

2         A motion to reconsider must set forth "some valid reason why the court should
3    reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to
4    persuade the court to reverse its prior decision."  *Frasure v. United States*, 256 F.Supp.2d
5    1180, 1183 (D. Nev. 2003).  Reconsideration is appropriate if this Court "(1) is presented with
6    newly discovered evidence, (2) committed clear error or the initial decision was manifestly
7    unjust, or (3) if there is an intervening change in controlling law."  *Sch. Dist. No. 1J v. Acands,*
8    *Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  "A motion for reconsideration is not an avenue to
9    re-litigate the same issues and arguments upon which the court already has ruled."  *Brown v.*
10   *Kinross Gold, U.S.A.*, 378 F.Supp.2d 1280, 1288 (D. Nev. 2005).

11        The Court denies Plaintiff's motion for reconsideration.  The Court has read *Thornton*
12   *v. Brown* and finds that it is inapplicable to the facts at hand.  In *Thornton*, the plaintiff brought
13   a 42 U.S.C. § 1983 action challenging the conditions of his parole.  *Thornton*, 2013 WL
14   7216368 at *3.  In this case, Plaintiff is not a parolee challenging the conditions of his parole.
15   Instead, Plaintiff is attempting to challenge the validity of the parole board's decision to deny
16   him parole and seeks to have this Court grant him parole and relocate him to a mental health
17   facility.

18        The Court finds that *Wilkinson v. Dotson*, 544 U.S. 74 (2005) is controlling.   In
19   *Wilkinson*, the Supreme Court held that "a state prisoner's § 1983 action is  barred (absent
20   prior invalidation)–no matter the relief sought (damages or equitable relief), no matter the
21   target of the prisoner's suit (state conduct leading to conviction or internal prison
22   proceedings)–if success in that action would necessarily demonstrate the invalidity of
23   confinement or its duration."  *Id.* at 81-82.  Plaintiff seeks to invalidate the duration of his
24   confinement by having this Court grant him parole.  Accordingly, Plaintiff's § 1983 action is
25   barred.

26   ///

27   ///

28   ///

2

**II.      CONCLUSION**

        For the foregoing reasons, IT IS ORDERED that the motion for reconsideration (ECF No. 6) is DENIED.

        Dated:  This 15th day of July, 2014.

_____
United States District Judge